UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIO REYES,<br><br>                  Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et. al.<br><br>                  Defendants. | Case No.:  17cv01418 JAH-RBB<br>                17cv01571 JAH-RBB<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**<br>**[Doc. Nos. 25, 38]** |
| EMILIO REYES,<br><br>                  Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et. al.<br><br>                  Defendants. | |

**BACKGROUND**

Plaintiff, Emilio Reyes, submitted a request under the Freedom of Information Act ("FOIA") on March 15, 2016 which was assigned No. FOIA BIA-2016-00916 and a FOIA

1

request on March 15, 2017 which was assigned No. FOIA BIA-2017-00863. The requests sought:

> drafts and final recommendations, reports, correspondence, emails, faxes and all related records by the California Agency of the Bureau of Indian Affairs; to The Office of Indian Services, The Office of the Solicitor, The Office of Federal Acknowledgement, The Office of the Assistant Secretary of Indian Affairs and/or any other agencies within the Department of the Interior, in regards to the Tribal affiliation and blood quantum correction of Mary (Grijalva) Bega, whom is listed on the 1928 California Indian Census Roll; application number 5676, Roll number 1332

and

> All related documents and working papers in regards to Mary Bega's tribal affiliation determination by Marcia Wiezorek, Claims employee at the Bureau of Indian Affairs Regional Office in California.

Long Decl. at ¶ 7.

He submitted another FOIA request on March 28, 2017 which was assigned No. FOIA BIA-2017-01044. Complaint at 1-2. The request sought:

> All records created by the Bureau of Indian Affairs between 2013 to the present day, in regards to the tribal affiliation and blood quantum correction request of Mary (Grijalva) Bega, whom is listed on the 1928 California Indian Census Roll as applicant number 5676. Please provide any and all related drafts between February 2013 to March 2017 prepared by the Bureau of Indian Affairs, including but not limited to; any pending and final recommendations in regards to the Tribal affiliation and blood quantum correction request of Mary (Grijalva) Bega. Please include if any; reports, correspondence, emails, and faxes by the Pacific Regional Office and the Southern California Agency of the Bureau of Indian Affairs; to the Office of Indian Services, The Office of the Solicitor, The Office of Federal Acknowledgement, The Office of the Assistant Secretary of Indian Affairs, in regards to the Tribal affiliation and blood quantum correction request of Mary (Grijalva) Bega.

Long Decl. at ¶ 4; Moore Decl. at ¶ 4. Defendant BIA performed a search of potentially responsive documents in response to Plaintiff's requests. Long Decl. at ¶¶ 5, 8; Moore Decl. at ¶ 5. The search revealed a total of 93 pages of responsive documents. Long Decl. at ¶ 6; Moore Decl. at ¶ 6. The BIA reviewed the responsive documents and determined that 47 pages would be released in full, 31 pages would be redacted and/or partially released, and 15 pages would be withheld entirely. Long Decl. at ¶ 6; Moore Decl. at ¶ 6.

Plaintiff filed a complaint on July 13, 2017, asserting a claim under the FOIA based upon request No. FOIA BIA-2017-01044 (17cv1418). He filed a complaint on August 4, 2017 asserting a claim under the FOIA based upon request Nos. FOIA BIA-2016-00916 and FOIA BIA-2017-00863 (17cv1571). Defendants filed answers on January 4, 2018.

On April 23, 2019, Defendants filed the pending motions for summary judgment in both cases. Plaintiff filed oppositions and Defendants filed replies. Deeming the motions suitable for disposition without oral argument, the Court took the matters under submission.

The Court granted Defendant's unopposed motion to consolidate Case Nos. 17cv1418 and 17cv1571 for resolution of the motions for summary judgment in the interest of judicial economy and efficiency because the cases involve overlapping requests.

Upon further review of the parties' submissions, the Court found the descriptions of the information withheld and the reasons provided in support of asserted exemptions too general and directed Defendants to lodge the <u>redacted and/or partially released and withheld documents</u> for *in camera* review. Defendants lodged the materials as directed by the Court.

**LEGAL STANDARD**

Summary judgment is properly granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

FOIA actions are most commonly resolved by summary judgment. <u>See</u> <u>Animal Legal Def. Fund v. U.S. Food & Drug Admin.</u>, 836 F.3d 987, 989 (9th Cir. 2016) (*en banc*); <u>Nat'l Res. Def. Council v. U.S. Dep't of Def.</u>, 388 F. Supp. 2d 1086, 1094 (C.D. Cal. 2005). Courts considering a motion for summary judgment in a FOIA case conduct a two-step

inquiry. See Berman v. CIA, 501 F.3d 1136, 1139 (9th Cir. 2007). The first step assesses whether the agency demonstrates it met its obligation under FOIA to conduct an adequate search for responsive records. See Zemansky v. U.S. EPA, 767 F.2d 569, 571 (9th Cir. 1985). An agency can demonstrate it met its obligations by showing that it "conducted a search reasonably calculated to uncover all relevant documents." Id. (quoting Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984). "An agency can demonstrate the adequacy of its search through reasonably detailed, nonconclusory affidavits submitted in good faith." Id. If the agency meets the initial burden, the second step requires the court to consider whether the agency adequately demonstrates that any information not disclosed is protected by at least one of the enumerated exemptions. See 5 U.S.C. § 552(a)(4)(B); U.S. Dep't of State v. Ray, 502 U.S. 164, 173 (1991).

To prevail on summary judgment in a FOIA proceeding, where the underlying facts and inferences are construed in favor of the FOIA requester, an agency must prove that it has met both burdens. Nat'l Res. Def. Council, 388 F. Supp. 2d at 1095.

**DISCUSSION**

Defendants argue it is entitled to summary judgment in both cases because BIA's search was reasonable, the BIA properly applied exemption (b)(6), the BIA properly applied exemption (b)(5), and complaints regarding delay are moot. Plaintiff argues the searches in response to his requests were inadequate and the exemptions were not properly applied.

**I. Reasonable Search[1]**

Defendants argue BIA performed a thorough search of potentially responsive documents to respond to Plaintiff's requests. Defendants maintain BIA identified the category of potential records, Record Series 3700 Tribal Government, and searched in

---

[1] The Court previously found the search reasonable as required when it determined *in camera* review of the materials was necessary. The discussion is included here to provide details supporting the Court's finding of a reasonable search.

4

every format using search methods and terms tailored to the requests and in all files reasonably expected to contain the requested records. To the extent that Plaintiff challenges the search based on his assertion that Defendants should review a particular employee's work product, Defendants maintain, that information is subsumed in the BIA's search for responsive records.

Plaintiff contends he sought records to determine why he was assigned a wrong tribal affiliation but the records provided by the BIA are insufficient to provide any historical evidence on that issue and are unrelated to his initial request. He maintains Defendants have not yet produced tribal affiliation related documents to his genealogy or the BIA's manner in determining his tribal affiliation.

In reply, Defendants argue it has shown good-faith efforts to conduct a reasonable search and maintain the methods employed by BIA to search for the records that determines whether the search was adequate, not whether Plaintiff received what he hoped to find.

Defendants provide an affidavit of Erika Howard, attorney advisor in the Indian Trust Litigation Office of the Office of the Solicitor, Department of the Interior ("DOI") which includes the Vaughn index[2] relevant to Plaintiff's FOIA requests. Additionally, Defendants provide affidavits from Harley Long, a Tribal Government Officer for the BIA whose duties include reviewing and processing FOIA requests received in the Pacific Regional Office, and Javin Moore, Superintendent for the BIA whose duties include reviewing and processing FOIA requests received by the Southern California Agency. The declarations demonstrate records maintained by the BIA relevant to Native American Tribal affiliation and enrollment fall under Record Series 3700 Tribal Government and are maintained by the Southern California Agency and the Pacific Regional Office. Long Decl.

---

[2] "[G]overnment agencies seeking to withhold documents requested under the FOIA have been required to supply the opposing party and the court with a 'Vaughn index' identifying each document withheld, the statutory exemption claimed, and a particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption." Wiener v. F.B.I., 943 F.2d 972, 977 (9th Cir. 1991) (citing King v. U.S. Dep't of Justice, 830 F.2d 210, 223 (D.C. Cir. 1987)).

at ¶ 2; Moore Decl. at ¶ 2.  BIA's records are maintained either in paper format in a hard copy filing system or electronic format in Progeny ES, an electronic date management system. Id. ¶ 3.  Long and Moore attest that they reviewed records under Record Series 3700 Tribal Government contained in paper filing systems or Progeny ES in response to Plaintiff's FOIA requests which included the Agency's California Indian rolls, all records identified on the branch File Maintenance & Disposition Plan which include the Indian Affairs Records Schedule - 3700 Series - Tribal Government; and the 1928 Application index. Long Decl. ¶¶ 5, 8; Moore Decl. ¶ 5. The search used the following terms: "Mary," "Grijalva," "Bega," "census roll," and "applicant number 5676" and took approximately nine (9) hours.  Long Decl. at ¶¶ 5, 8; Moore Decl. at ¶ 5.  The search located 93 pages of responsive documents.  Long Decl. at ¶ 6; Moore Decl. at ¶ 6.  They also attest that all files that were reasonably expected to contain the requested records were searched.  Long Decl. at ¶ 9; Moore Decl. at ¶ 6.

The Court finds Defendants meet their burden to show they conducted a search reasonably calculated to uncover all relevant documents.

**II. Exemptions**

FOIA contains exemptions an agency may invoke to protect certain documents from public disclosure. Minier v. Cent. Intelligence Agency, 88 F.3d 796, 800 (9th Cir. 1996) (citing 5 U.S.C. § 552(b)) "Where the government withholds documents pursuant to one of the enumerated exemptions of FOIA, 'the burden is on the agency to sustain its action.'" Id. (quoting 5 U.S.C. § 552(a)(4)(B)).

**A.  Exemption 6, Privacy Withholdings**

Defendants contend the documents that Plaintiff seeks include genealogical and personal information.  They maintain they withheld information that consisted of names, dates of birth, addresses and tribal affiliation.  Plaintiff maintains he is entitled to certain records relating to deceased individuals, but Defendants argue disclosure would reveal the personal heritage and ethnicity of the individuals' living relatives which could lead to

harassment, discrimination, embarrassment, and any other negative effects that could come from revealing such intimate details.  In support of the asserted privacy interest, Defendants rely on the discussion regarding the personal and sensitive nature of documents submitted by groups seeking tribal enrollment in Envt. L. Indian Country § 1:10, Indian Tribes in U.S. environmental law—Freedom of Information Act (FOIA) (2018) which cites to Quinault Indian Nation v. Deer, 232 F.3d 896 (9th Cir. 2000), an unpublished opinion that affirmed a district court's order upholding the BIA's decision to withhold certain membership documents under FOIA Exemption 6.

Additionally, Defendants contend the information at issue reveals little or nothing on how the Department of the Interior carries out its mission, and instead, the release of the information would tell the public who a particular tribal member is and reveal other personal information about him/her.  Because disclosure of the personal information would not directly shed light on how or whether the Department performed any aspect of its statutory duties, Defendants argue Plaintiff's requests do not implicate a public interest that is cognizable under FOIA and, as such, the balance shifts toward nondisclosure.  They maintain the significant privacy interests in withholding the information outweighs the non-existent public interest and the agency properly redacted this personal information.

Plaintiff argues the declarations are insufficient to establish that a significant privacy interest would be clearly threatened by disclosure of these records. Plaintiff maintains his requests sought records containing his personal information and therefore, Exemption 6 does not apply.  He further maintains a public interest exists because the records sought pertain to Plaintiff and his family directly and withholding the records has a negative effect on Plaintiff and his family members.  Additionally, he contends the BIA has a responsibility to maintain accurate records pertaining to tribal affiliations and he has a first amendment right to see what the BIA is up to and hold them accountable for any lack of duty pertaining to tribal affiliations and Native American records.  Plaintiff also argues the withheld records are not predominantly internal, and they neither relate solely to trivial

1  administrative matters nor would their release risk circumvention of any law or regulation. He further contends the information is known to his family members and can be obtained through United States' repositories available in the public domain.

Plaintiff also maintains when a FOIA requestor seeks records about another person, the requestor may receive greater access by submitting proof that the person either consented to the release of the records to the requestor, or the requestor provides proof of death.  Additionally, he contends some federal agencies have established "the 72-Year Rule" which permits the release of records and correspondence involving individuals over 72 years of age who are likely no longer living and less likely to be personally damaged by the release of information.  Plaintiff further argues the BIA cannot claim the exemption because the records are in the public domain through National Archives, and the World Wide Web, Ancestry.com and disclosure of such information could not lead to harassment, discrimination, embarrassment, or any other negative effects.

Defendants argue Plaintiff asserts that Defendants have improperly withheld records under the Privacy Act, pointing to a draft family tree chart for Plaintiff that he claims was "previously released" in response to a FOIA request dated November 7, 2013 that is not at issue in this case.  Defendants maintains the release in 2013 differs from the release in response to the current FOIA requests and the BIA made a supplemental production to Plaintiff eliminating some withholdings which reflect specific information that was released in the prior FOIA response. Information regarding Plaintiff himself was released. They contend Plaintiff appears to also seek the information of other individuals listed on the record but the Privacy Act rights are personal to the individual who is the subject of the record and cannot be asserted derivatively by others.  Therefore, Defendants argue, Plaintiff cannot bring a claim under the Privacy Act for records related to anyone other than himself.

Defendants also maintain Plaintiff cannot defeat the summary judgment by arguing the records are available in the public domain.  They contend FOIA requires the requestor

to show that there is a "permanent public record" of the exact records requested and Plaintiff failed to show that the withheld records with privacy exemptions are among those exact pages posted on the website. Defendants argue Plaintiff's unsupported claims that BIA is withholding information in the public domain cannot defeat summary judgment because Plaintiff's <u>requests did not</u> show there is a permanent record of the exact records he requests. They contend courts do not examine an agency's FOIA determination based on claims of prior disclosure that were not identified to the agency when it made its response. Additionally, Defendants contend Plaintiff generally points to birth, death, and marriage records as sources of information available to the public, however, the mere fact that some of the information may be known to some members of the public does not negate the individual's privacy interest in preventing further dissemination to the public at large. They further contend Plaintiff's own knowledge of the withheld information does not eliminate the privacy interest because he failed to show that he identified those records to the agency at the time of his request and a privacy interest still exists to prevent further dissemination.

      Defendants also argue the National Archives' so-called "72-Year Rule" does not apply and does not defeat the privacy interests in this case. Defendants maintain <u>federal</u> agencies use different benchmarks when weighing privacy considerations and the balancing of the public versus privacy interest in a record will differ from agency to agency due to the nature of the agency's work and its mission as well as its policy on the subject records. Defendants contend Plaintiff provides no basis for requiring the BIA to process a request in the same way that the National Archives purportedly would. Even assuming the individuals in the records are deceased, Defendants argue privacy interests are diminished not eliminated and the agency must consider the privacy interest of any survivors when evaluating Plaintiff's requests. They maintain the BIA properly balanced the public and privacy interests and properly applied Exemption 6.

Exemption 6 protects from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). "The Supreme Court has defined 'similar file' broadly as government records containing 'information which applies to a particular individual.'" Minnis v. Dept. of Agriculture, 737 F.2d 784, 786 (9th Cir. 1984) (quoting United States Dep't of State v. Washington Post Co., 456 U.S. 595, 602 (1982)). When determining whether the exemption was properly applied, courts must balance personal privacy interests against the public interest in disclosure. Department of Air Force v. Rose, 425 U.S. 352, 37273 (1976).

According to the Vaughn Index, the BIA partially withheld email chains discussing Plaintiff's FOIA requests, email chains discussing research requests, lists of control numbers for American Indian Records Repository research request, a draft family tree chart for Plaintiff, research requests for the American Indian Records Repository, emails and a tree chart under Exemption 6 because they contained names, dates of birth, addresses, blood degree, and tribal affiliation. The Court's review of the documents supports Defendant's assertion that they contain personal information of individual's other than Plaintiff. Defendants assert a privacy interest in the intimate details of an individual's and deceased individual's family members' personal heritage and ethnicity disclosure of which could lead to harassment, discrimination, or embarrassment. Plaintiff attacks the proffered privacy interests. He argues the information pertains to him and family members, is known to his family members and can be obtained through United States' repositories available in the public domain.

Defendants demonstrates any information pertaining to Plaintiff specifically has been released to Plaintiff. See Moore Supp. Decl. ¶ 3. The information withheld pursuant to Exemption 6 pertains to third parties. While Plaintiff maintains he seeks records about a person who is now deceased, Defendant asserts a privacy interest on behalf of the deceased individual's living relatives. The Court is not persuaded that the privacy interests

of the living relatives are somehow diminished or eliminated by the possibility the information is available elsewhere to the public.  See U.S. Dep't of Def. v. Fed. Labor Relations Auth., 510 U.S. 487, 500 (1994) ("An individual's interest in controlling the dissemination of information regarding personal matters does not dissolve simply because that information may be available to the public in some form.").   To the extent Plaintiff argues Defendants waive their right to withhold the information because they "officially acknowledged" the information, the argument fails because Plaintiff fails to demonstrate applicability of the official acknowledgment doctrine.  "[P]ublic availability of the information does not, on its own, trigger application of the official-acknowledgement doctrine."  Civil Beat Law Ctr. for the Pub. Interest, Inc. v. Centers for Disease Control & Prevention, 929 F.3d 1079, 1087 (9th Cir. 2019).  The official acknowledgement doctrine requires Plaintiff show the information requested is as specific as the information previously released, matches the information previously disclosed, and was already made public through an official and documented disclosure.  Id. (quoting ACLU v. U.S. Dep't of Def., 628 F.3d 612, 620-21 (D.C. Cir. 2011)).  Finally, Defendant's prior release of a draft family tree to Plaintiff in 2013 does not affect the privacy interests asserted because the Defendants demonstrate it is different than the pending FOIA requests and anything initially withheld in the current requests that was previously released to Plaintiff was again released in a supplemental production to Plaintiff.  See Moore Supp. Decl. ¶¶ 3-5.  Thus, the significant privacy interests remain.

Plaintiff contends there is a public interest in release of the records because they pertain to his family and withholding the records negatively affects them.  However, the public interest in a FOIA action is based upon the public at large and not the identity of the requesting party.  See U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press, 489 U.S. 749, 771 (1989).  The relevant public interest "is the extent to which disclosure would serve the 'core purpose of the FOIA,' which is 'contribut[ing] significantly to public understanding of the operations or activities of the government.'"  U.S. Dep't of Def. v.

Fed. Labor Relations Auth. Reporters Comm., 510 U.S. 487, 495 (1994) (quoting U.S. Dep't of Justice, 489 U.S. at 775). Plaintiffs and his family's interest in obtaining the information does not serve the core purpose of FOIA. Plaintiff also asserts a public interest in holding the BIA accountable for any failure to perform its duty to maintain accurate records surrounding tribal affiliations. This interest is in line with the purpose of FOIA in that it seeks an understanding of the BIA's activities. However, on balance, the privacy interests of the living relatives outweigh the public interest in the information. The Court finds the exemption was properly applied.

**B.  Exemption 5, Deliberative Process Privilege**

Defendants contend the pre-decisional staff discussions regarding how to process, fulfill, and respond to Plaintiff's FOIA requests fall squarely within Exemption 5 which protects the consultative functions of government.

Plaintiff argues the withheld records are not pre-decisional and deliberative and, therefore, are not exempt under this privilege. Even if they do contain some pre-decisional, deliberative information, he argues the information is not exempt because it was incorporated into the agency's final policy. Plaintiff also contends Defendants do not specify which of the withheld records contain such opinions and recommendations and maintains the portions of a document which are not exempt must be disclosed unless they are inextricably intertwined with the exempt portions.

Defendants argue there is no basis for Plaintiff's characterization of the records. They maintain the redactions in this case relate to communications between agency staff and draft memoranda discussing how to process, fulfill, and respond to Plaintiff's FOIA requests which are records that would reveal the process by which they made determinations regarding Plaintiff's FOIA requests, and are, therefore, protected by the deliberative process privilege. Additionally, Defendants contend the status of an agency decision within an agency decision making process is protected if the release of that information would have the effect of prematurely disclosing the recommended outcome of

the consultative process as well as the source of any decision. Defendants further maintain the records were segregated because some of the records redacted pursuant to the deliberative process privilege were produced with partial withholdings applied, not withheld in full and other records were withheld in full only where segregation was not possible.

Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Documents "normally privileged in the civil discovery context" are protected from disclosure under this exemption. NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 149 (1975). As a result, the exemption includes a "deliberative process" privilege which permits an agency to withhold "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." Carter v. U.S. Dep't of Commerce, 307 F.3d 1084, 1089 (9th Cir. 2002) (citing Dep't of the Interior v. Klamath Water Users Protective Assoc., 532 U.S. 1, 8 (2001)). A document falls within the deliberative process privilege if it is both "predecisional" and "deliberative." Carter, 307 F.3d at 1089 (citing Assembly of California v. U.S. Dep't of Commerce, 968 F.2d 916, 920 (9th Cir. 1992)). The Ninth Circuit has described a pre-decisional document as

> one prepared in order to assist an agency decisionmaker in arriving at his decision, and may include recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency.

Assembly of California, 968 F.2d at 920.

The Vaughn index indicates the BIA only partially released an email transmitting census and voters lists to Plaintiff and information was withheld pursuant to Exemption 5 because it contained "pre-decisional intra-agency decision making discussions regarding how to process, fulfill, and respond to FOIA requests filed by the Plaintiff." Vaughn Index

13

17cv01418 JAH-RBB
17cv01571 JAH-RBB

at 2. The BIA also only partially released a draft family tree chart and withheld some information contained therein under Exemption 5 as well as Exemption 6. The agency also partially released federal census information for Mary Bega and William Grijalva from Ancestry.com and indicate some information was withheld under Exemption 5 because it included "hand written notes of agency employees[,] predecisional intra-agency decision making discussions regarding how to process, fulfill, and respond to FOIA requests filed by the Plaintiff." Vaughn Index at 4. The BIA fully withheld a memorandum sending Plaintiff's request to the Southern California Agency for their review, an email chain discussing a draft response to Plaintiff, a draft family tree chart for Aurelia Orosco, Guillermo Grijalva, and Mary Bega, a draft family tree chart for Maria Guadalupe Grijalva, a draft response to Plaintiff, a draft family information chart for Arballo and Ortanez family, and a draft memorandum with Southern California Agency's review of Plaintiff's request and indicate the documents were withheld under Exemption 5 because they consisted of pre-decisional intra-agency decision making discussions regarding how to process, fulfill, and respond to FOIA requests filed by the Plaintiff.

The Court's *in camera* review of the materials supports BIA's explanation that the withheld information includes documents reflecting recommendations and deliberations while processing Plaintiff's requests. As such, Exemption 5 applies.

**III. Complaints Regarding Delay**

Defendants contend, to the extent that Plaintiff complains that there was an unreasonable delay in responding to his FOIA Request, the claim is moot because the BIA processed the requested records and delay is not a basis to deny summary judgment.

In opposition, Plaintiff contends the BIA failed to provide a response to his requests within statutory limits and did not resolve his appeals in both cases. He maintains Defendants' unreasonable delays, redactions and denial of records are retaliation because he is vocal on many Native American issues, he is a BIA watchdog and he is involved in the movement of Stop Tribal Genocide and Stop Disenrollment. Plaintiff argues unless the

14

17cv01418 JAH-RBB
17cv01571 JAH-RBB

BIA is enjoined, it will continue to violate his rights and others' rights and, as such, his claims regarding unreasonable delays are not moot.

Defendants argue Plaintiff did not adequately allege a policy or practice claim because he did not assert a separate cause of action from his general FOIA claim and his only mention of a policy or practic claim is a citation to the seminal case on policy or practice claims, Payne Enterprises, Inc. v. U.S., 837 F2d. 486, 494 (D.C. Cir. 1988), in the prayer for relief in 17cv1571 which they contend is not sufficient to state a claim. Assuming arguendo that Plaintiff has asserted a policy or practice claim in 17cv1571, Defendants argue the claim would still fail because there is no FOIA violation upon which to base a policy and practice claim as the BIA's application of privacy and deliberative process exemptions is proper. Defendants further argue even if Plaintiff were right about the merits of the underlying legal issue, Defendants' consistent interpretation of the statute would not establish a policy of FOIA violations to warrant equitable relief.

Defendants also contend Plaintiff's complaints of procedural delays in processing his requests are not actionable because there is no policy or practice that supports it. If this Court finds that there was no FOIA violation in the application of the exemptions, they argue, Plaintiff's additional complaints about processing delays cannot stand. Defendants also argue Plaintiff fails to demonstrate he was personally harmed during the brief processing delays and the delays are, at most, procedural violations. Furthermore, they maintain Plaintiff did not need to file the lawsuit to challenge the delay in processing because the FOIA requests had been processed at the time he filed suit.

Defendants do not dispute that the responses to Plaintiff's requests were untimely. Instead, they argue any claims based on their untimely responses are moot because they processed Plaintiff's records requests and properly applied exemptions. Generally, an agency's production of all non-exempt information, "however belatedly, moots FOIA claims." Yonemoto v. Dept. of Veterans Affairs, 686 F.3d 681, 689 (9th Cir.2011) (citations and internal quotation marks omitted), *overruled on other grounds*; see also Civil

15

Beat Law Center for the Public Interest, Inc. v. Centers for Disease Control & Prevention, 929 F.3d 1079, 1085 (9th Cir. 2019). As discussed above, Defendant demonstrates it properly applied exemptions to the withheld materials which would moot Plaintiff's claims.

However, construing his pleadings liberally, Plaintiff asserts an arguable claim based upon an impermissible practice of noncompliance with FOIA requirements in case number 17cv1571. Courts have recognized exceptions to the general rule that a FOIA claim is mooted by the release of non-exempt materials, when there is a recurring pattern or practice of FOIA violations or when the delay was egregious. Civil Beat Law Center, 929 F.3d at 1086; Tri-Valley Cares v. Dept. of Energy, 203 F. App'x 105, 107 (9th Cir.2006); Mayock v. Nelson, 938 F.2d 1006, 1007, n. 1 (9th Cir. 1991); Munger, Tolles & Olson LLP v. U.S. Dept. of Army, 58 F.Supp.3d 1050, 1054–55 (C.D. Cal. 2014). In his opposition, Plaintiff asserts the delay in responding to his requests is a practice used by the BIA for retaliation. In reply, Defendants make numerous arguments as to why the claim fails. However, the Court notes Defendants have not moved for summary judgment on Plaintiff's pattern and practice claim arguably contained in 17cv1571.[3]

In any event, Plaintiff's complaints regarding delay does not defeat judgment as to the exemptions the Court finds were properly applied.

//
//
//
//

---

[3] Defendants' arguments in reply are in response to Plaintiff's assertions, contained in his opposition, of a pattern or practice claim. Defendants were of the mind Plaintiff had not alleged a pattern or practice claim and did not move for summary judgment on such a claim. The Court finds it inappropriate to address Defendants' argument in reply because 1) Defendants did not move for summary judgment on Plaintiff's arguable pattern and practice claim and 2) Plaintiff did not have an opportunity to respond to these arguments. As such, Plaintiff's arguable claim of a pattern or practice of improperly delaying or denying FOIA requests in 17cv1571 remains.

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED Defendant's motions for summary judgment are **GRANTED.**

DATED:   May 11, 2020

_____
JOHN A. HOUSTON
United States District Judge